# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JACLYN VANN, Individually and a/n/f A.V., a minor. § § § § *Plaintiffs,* § § v. § § TYE LEONARD WILLIAMS, RBRO, L.L.C and LEVINGSTON LOGISTICS, INC. § § § § § *Defendants.* § § § | CIVIL ACTION NO. 6:17-CV-00095 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Jaclyn Vann, Individually and *as next friend* for her minor child A.V., complaining herein of Tye Leonard Williams, RBRO, LLC and Levingston Logistics, Inc. (hereinafter collectively referred to as "Defendants"), and for cause of action states:

I.

**PARTIES**

1. Plaintiff Jaclyn Vann, minor Plaintiff A.V. are residents of Tyler, Smith County, Texas.

2. Defendant, Tye Leonard Williams is an individual and citizen of the State of Indiana.  Defendant Williams may be served with process at his home at 300 E. Park Street, Orleans, Indiana 47452.

3. Defendant, RBRO, LLC is a limited liability company with its principal office and place of business located in Fredericksburg, Virginia. Defendant RBRO, LLC may be served with process by serving its registered agent, Richard J Brodeur, RBRO LLC/20 Doral CT, P.O. Box 5343, Fredericksburg, Virginia 22403.

4. Defendant, Livingston Logistics, Inc. is a Oklahoma corporation with its principal office and place of business located in Oklahoma City, Oklahoma. Defendant Livingston Logistics, Inc. may be served with process by serving its registered agent, Jack Wellborn, at 2808 N. Windsor Pl., Oklahoma City, Oklahoma 73127.

II.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction of Plaintiffs' claims in this Complaint pursuant to 28 U.S.C. §§ 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.  This Court also has jurisdiction over the above-named Defendants, as they have engaged in "business" in the State of Texas within the meaning of the Texas Long Arm Statute,

which is codified at Sections 17.041 - 045 of the Texas Civil Practice and Remedies Code.

6. A substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Smith County, Texas. Venue in this Judicial District is therefore proper pursuant to 28 U.S.C §1391(a)(1)-(2), and (c).

7. All conditions precedent to filing this suit have been performed.

### III.

### FACTUAL BACKGROUND

8. On or about September 2, 2015, Plaintiffs were stopped at a traffic light on State Highway 64, Tyler, Smith County, Texas.

9. Defendant Williams, operating a "tractor trailer" owned by Defendant RBRO, LLC in the normal course and scope of his employment for RBRO, LLC, was also traveling westbound on State Highway 64, Tyler, Smith County, Texas.

10. Defendant Williams failed to control his speed and struck Plaintiffs' vehicle, causing serious bodily injuries to Plaintiffs'.

11. Defendant Williams acts and omissions constituted Negligence and Negligence Per Se, which caused serious bodily injury to Plaintiffs.

### IV.

### NEGLIGENCE OF DEFENDANT TYE LEONARD WILLIAMS

12. Plaintiffs adopt the allegations of above-listed paragraphs and incorporates the same where relevant.

13. At and immediately before the occurrence in question, Defendant, Williams was

guilty of acts and/or omissions which constituted Negligence. These acts and/or omissions include, but are not limited to, the following:

    A.    Failing to keep a proper lookout;

    B.    Failing to avoid the incident in question;

    C.    Driver inattention;

    D.    Failing to maintain the vehicle;

    E.    Failing to control speed;

    F.    Failing to operate the vehicle as a reasonable and prudent person would have done under the same or similar circumstances; and

    G.    Faulty evasive action.

14. Each of the above-mentioned acts or omissions constituted negligence which were the proximate cause or causes of the occurrence in question, and the resulting damages sustained by the Plaintiffs herein.

## V.

## **NEGLIGENCE OF RBRO, LLC**

15. Plaintiff adopts the allegations of above-listed paragraphs and incorporates the same where relevant.

16. At and immediately before the occurrence in question, Defendant, RBRO, LLC was guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

    A.    Negligent entrustment;

    B.    Negligent supervision;

    C.    Respondeat Superior (as further discussed below);

    D.    Failing to properly monitor a driver in training;

    E.    Negligent hiring; and

    F.    Negligent training.

## VI.

## NEGLIGENCE OF LIVINGSTON LOGISTICS, INC.

17. Plaintiff adopts the allegations of above-listed paragraphs and incorporates the same where relevant.

18. At and immediately before the occurrence in question, Defendant, Livingston Logistics, Inc. was guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

    A.    Negligent entrustment;

    B.    Negligent supervision;

    C.    Respondeat Superior (as further discussed below);

    D.    Failing to properly monitor a driver in training;

    E.    Negligent hiring; and

    F.    Negligent training.

## VII.

## GROSS NEGLIGENCE

19. Plaintiff adopts the allegations of above-listed paragraphs and incorporates the same where relevant.

20. DPS Trooper Anthony's investigation revealed that there were no "skid marks" (i.e. Williams never applied his breaks) prior to colliding with Plaintiffs' vehicle. The collision pushed Plaintiffs' vehicle over 90 feet before coming to rest. When viewed objectively from the standpoint of the Defendants at the time of its occurrence, Defendant Williams' conduct of failing to control his speed and watch for other drivers on the road while operating an eighteen wheeler is the very definition of engaging in conduct constituting an extreme degree of risk, especially considering the probability and magnitude of the potential harm to others.

21. In addition, Defendant Williams, a professional driver, was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the others. Therefore, Plaintiffs sue for Exemplary Damages in the amount determined by the trier of fact as further alleged below.

## VIII.

## RESPONDEAT SUPERIOR

22. Plaintiffs adopt the allegations of above-listed paragraphs and incorporates the same where relevant.

23. Additionally, Defendants RBRO, LLC and Levingston Logistics, Inc. are vicariously liable for the actions, Negligence, and Negligence *Per Se* of its employee, Defendant Williams, under the theory of *Respondeat Superior*.

## IX.

## NEGLIGENCE *PER SE*

24. Plaintiffs adopt the allegations of the above-listed paragraphs and incorporate the same where relevant.

25. Moreover, on information and belief, Defendant Williams violated numerous statutes and/or ordinances of one or more public authorities, the State of Texas and/or Federal law, which statutes, ordinances and regulations were promulgated to protect a class of persons of which the Plaintiffs were members, at the time of the collision. Therefore, Defendant Williams was Negligent *Per Se*.

## X.

## DAMAGES

26. As a result of the improper conduct of the Defendants, Plaintiff Jaclyn Vann has sustained damages in the past and in all reasonable probability will continue to sustain damages in the future for:

- A. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

- B. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

- C. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

- D. Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court; and

- E. Disfigurement.

27. As a result of the improper conduct of the Defendants, Plaintiff A.V. has sustained damages in the past and in all reasonable probability will continue to sustain damages in the future for:

- A. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

- B. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

- C. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

- D. Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court; and

- E. Disfigurement.

## XI.

## JURY DEMAND

28. Plaintiff hereby respectfully demands a Jury Trial and tenders the appropriate fee with this *Original Complaint.*

## XII.

## PRAYER

**FOR THE REASONS STATED,** Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein and that Plaintiffs, upon final trial of this cause, have judgment against Defendants in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual and exemplary damages, and for such other

and further relief, both special and general, to which Plaintiffs may be entitled, in that of law and equity.

Respectfully Submitted,

_____/s/ DG_____
**DARREN GRANT** *Lead Attorney*
State Bar No. 24012723
**MATTHEW B. FLANERY**
State Bar No. 24012632
**GRANT & FLANERY, P.C.**
Darren@GFTexas.com
216 W. Erwin, Suite 200
Tyler, Texas 75702
(903) 596-8080  (Telephone)
(903) 596-8086  (Facsimile)

**ATTORNEYS FOR PLAINTIFF**